UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
T.P., individually and on behalf of J.J.,

      *Plaintiffs*,

-against-

New York City Department of Education,

      *Defendant*.
------------------------------------------------------X

**COMPLAINT**

Civil Case No. 1:20-cv-2446

Plaintiffs, by their attorney, Erica M. Fitzgerald, Esq. of Fitzgerald & Sadove, PLLC, respectfully moves this Court for an award of attorney fees associated with their prosecution of an impartial hearing under the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1415 (i)(3)(B). The Plaintiffs, by and for their Complaint against the Defendant, set forth and allege that:

## INTRODUCTION

1. This is an action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1415(i)(3), to recover attorneys' fees and costs that Plaintiff T.P. ("Plaintiff" or "Parent") incurred in connection with administrative proceedings brought individually and on behalf of her child, J.J., against the New York City Department of Education ("NYCDOE" or "District").

2. Plaintiffs have prevailed in an administrative proceeding under the IDEIA. As the prevailing party, Plaintiffs are entitled to recover reasonable attorneys' fees and costs associated with conducting that administrative proceeding.

3. The IDEIA also allows Plaintiffs to recover reasonable attorneys' fees and costs associated with bringing and litigating this action itself.

4. The IDEIA's fee-shifting provisions, 20 U.S.C. § 1415(i)(3), are consistent with the remedial nature of the statute. The IDEA was intended to remedy a situation in which

1

children with disabilities were unserved.  See <u>Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley</u>, 458 U.S. 176, 189 (1982).  The fee-shifting provisions contribute to the overall statutory scheme of providing "procedures which would result in individualized consideration of and instruction for each child." <u>Id.</u>

5. The IDEIA attorneys' fees provision, as set forth at § 20 U.S.C. § 1415(i)(3) serves the important public purpose of helping to ensure that parents of students with disabilities have access to attorneys without regard to income.

**THE PARTIES**

6. Plaintiff J.J. is a minor child and student.  Due to J.J.'s learning disabilities, J.J. is a "child with a disability" within the meaning of 20 U.S.C. § 1401(3)(A).

7. Plaintiff T.P. is J.J.'s mother.  T.P. is the "parent" of J.J. within the meaning of 20 U.S.C. § 1401(23).

8. Plaintiffs reside within the boundaries of the New York City Department of Education or resided there during all points relevant to the hearing and to this action.

9. Upon information and belief, the identity of Plaintiffs is well-known to Defendant.

10. Defendant, the New York City Department of Education, has its principal place of business at 52 Chambers Street, New York, New York 10007.

11. Defendant, a municipal corporation created pursuant to N.Y. Educ. Law art. 52-A (McKinney 2017), is the agency charged with the obligation to provide J.J. with a free and appropriate public education ("FAPE") in accordance with the mandates of the IDEIA and the New York State Education Law.

12. Defendant is a "local educational agency" within the meaning of 20 U.S.C. 1401(19).

## JURISDICTION AND VENUE

13. This United States District Court for the Southern District of New York has jurisdiction over Plaintiffs' federal claim for an award of reasonable attorneys' fees to a prevailing party in an administrative proceeding under the IDEIA, pursuant to 20 U.S.C. § 1415(i)(3)(A), and as an action raising a federal question under 28 U.S.C. § 1331. Supplemental jurisdiction of related claims arising under state law is present pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) in that Plaintiffs and Defendant all reside in or are situated within this Judicial District.

## STATEMENT OF FACTS

15. On November 30, 2018, T.P. filed a *pro se* Request for Due Process.

16. Impartial Hearing Officer ("IHO") Diane Ciccone, Esq. was appointed to preside over the matter.

17. The matter was captioned as IHO # 179963.

18. On January 30, 2019, T.P. appeared *pro se* at hearing. At that time, IHO Ciccone issued an Interim Order awarding T.P. Seventy-Five (75) hours of compensatory tutoring services for reading at the enhanced rate of $100 per hour. She also ordered the NYCDOE to conduct a Speech Language Evaluation and Occupational Therapy Evaluation.

19. On February 4, 2019, T.P. filed a *pro se* Amended Due Process Complaint.

20. On June 10, 2019, Plaintiff T.P. retained the services of Fitzgerald & Sadove PLLC for the purposes of amending her Due Process Complaint and representing her at the impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law

regarding Defendant's failure to provide J.J. with a FAPE for the 2017-2018 and 2018-2019 school years.

21. Fitzgerald & Sadove PLLC's office is located at 75 S. Broadway, 4th Floor, White Plains, New York 10601.

22. On June 18, 2019, Fitzgerald & Sadove PLLC filed a Second Amended Due Process Complaint ("DPC") requesting an impartial hearing on Plaintiff's behalf. The DPC alleged that Defendant failed to offer J.J. a FAPE as required by the IDIEA and state law, and requested relief. 20 U.S.C. § 1412(a)(1) and N.Y. Educ. Law § 4404(a).

23. On July 3, 2019, Petitioner, with the assistance of counsel, entered into a partial resolution agreement in which the District agreed to conduct an Independent Neuropsychological Evaluation and reconvene the Committee on Special Education ("CSE") following receipt of the Neuropsychological Evaluation report.

24. On July 23, 2019, IHO Ciccone issued a Second Interim Order directing the NYCDOE to pay for a Functional Behavior Assessment ("FBA") of the student and the creation of a Behavior Intervention Plan ("BIP") based on same no later than October 1, 2019.

25. Administrative hearings were conducted on January 30, 2019, July 23, 2019 and September 27, 2019. Defendant did not put on a case with respect to the years in question.

26. Petitioner's counsel submitted a written closing statement on September 27, 2019.

27. On October 9, 2019, IHO Ciccone issued a Findings of Fact and Decision in the instant matter.

28. IHO Ciccone's Findings of Fact and Decision awarded, *inter alia*, the following relief to J.J.: a) full reimbursement in the amount of Seven Thousand Five Hundred Two Dollars ($7,502.00) for fees paid by T.P. to the Huntington Learning Center for services during the

2017-2018 school year; b) Eighty (80) hours of compensatory speech/language services at a reasonable market rate and c) 500 hours of compensatory tutoring services by a certified Special Education teacher at Huntington Learning Center.

29. Defendant has waived its right to administratively appeal IHO Ciccone's decision, since the time limit for bringing such an appeal has lapsed. N.Y. Educ. Law § 4404(3).

30. T.P. had the assistance of counsel, Fitzgerald & Sadove PLLC, a law firm, which represented T.P. by, *inter alia*, drafting and filing the Second Amended Due Process Complaint herein described, negotiating a partial resolution agreement with Defendant, preparing for and conducting the administrative hearing before IHO Ciccone, and drafting a written closing statement.

31. On November 20, 2019, Plaintiff, through her attorneys, submitted a Fee Demand to Defendant in the amount of Twenty-One Thousand Three Hundred Fifty-Eight Dollars ($21,358.00).

32. On December 2, 2019, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member, Jeffrey Cassuto, who was assigned to the matter.

33. To date, Defendant has made no attempt to negotiate fees, despite multiple attempts on the part of Plaintiff to do so.

34. This action is brought One Hundred Sixty-Two ("162") days after the issuance of IHO Ciccone's decision.  Accordingly, it is brought within the applicable limitations period.

**PLAINTIFFS' CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

35. Plaintiffs repeat and reallege Paragraphs 1 to 34 as if set forth at length herein.

36. Based upon Plaintiffs' having obtained substantial relief in the underlying administrative proceeding, Plaintiffs are the "prevailing party" and are entitled to reasonable attorneys' fees and costs associated with the administrative proceedings. 20 U.S.C. § 1415(i)(3).

37. To recover the attorneys' fees and costs claimed in Paragraph 32, *supra*, it is necessary for Plaintiffs to commence the instant civil action.

38. Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiffs should be awarded the attorneys' fees and costs in this action, including those that may accrue subsequent to the date of this Complaint.

## SECOND CAUSE OF ACTION

39. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 38 as if set forth at length herein.

40. Defendant has, upon information and belief, acted in bad faith by representing that it was settling actions, and then unduly delaying, through inappropriate practices and assigning inadequate staff, the payment of attorneys' fees, necessary for the provision of FAPE.

41. Plaintiffs have relied on the representations of Defendant that it intended to negotiate fees with Plaintiff, to its detriment, as such negotiations have failed to take place.

42. Plaintiff was the prevailing party at the impartial hearing, and as such should receive an award of attorneys' fees within a reasonable time frame.

43. Principles of equity demand such relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Assume jurisdiction of this action;
2. Deem Plaintiffs to be the prevailing party;

3. Award Plaintiffs' attorneys' fees, costs, and expenses for the underlying administrative proceedings pursuant to 20 U.S.C. § 1415;

4. Award Plaintiffs' attorneys' fees, costs, and expenses for this action pursuant to 20 U.S.C. § 1415; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: March 20, 2020
White Plains, New York

By: _____
ERICA M. FITZGERALD, ESQ.
Bar No.:  EF 3962
Fitzgerald & Sadove PLLC
75 S. Broadway, 4th Floor
White Plains, New York 10601
Tel:    (914) 304-4017
Fax:    (914) 612-7135
efitzgerald@fitzgeraldsadove.com